# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6123 | **DATE** | 9/26/2011 |
| **CASE TITLE** | Gomull Kazmi vs. Michael J. Astrue | | |

**DOCKET ENTRY TEXT**

For the foregoing reasons, we grant Plaintiff's application to proceed *in forma pauperis*. (4). It is so ordered. The Clerk of the Court is directed to issue summons and complaint to plaintiff's counsel to effect service on defendant(s).

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

Reserved for use by the Court)

### ORDER

Presently before us is Plaintiff Gonul Kazmi's application to proceed *in forma pauperis* in her lawsuit against Michael J. Astrue, Commissioner of Social Security. Before granting leave to file *in forma pauperis*, we must first determine whether or not Plaintiff is indigent. 28 U.S.C. § 1915(a)(1). We must also conduct an initial review of Plaintiff's complaint and dismiss the action if we find that: (1) it is frivolous or malicious; (2) it fails to state a claim on which relief may be granted; or (3) it seeks damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). As to the second factor, failure to state a claim, we apply the test for dismissal under Rule 12(b)(6), which requires "that a complaint contain 'enough facts to state a claim that is plausible on its face.'" *Moore v. F.B.I.*, No. 07-1294, 2008 WL 2521089, at *1 (7th Cir. June 25, 2008) (quoting *Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1974 (2007)); *see also George v. Smith*, 507 F.3d 605, 608 (7th Cir. 2007).

In support of her allegation of poverty, Plaintiff submitted the required financial affidavit. She states that she is not currently employed and has not been employed since 2006. (Aff. ¶ 2). Plaintiff states that she receives $11,364 per year in Social Security Survivors Benefits. (*Id*. ¶ 4). She further declares that she has no additional sources of income, no assets, and no bank accounts containing more than $200. (*Id*. ¶¶ 4–7). Plaintiff indicates that she leases a vehicle, in which she has no equity, for $270 per month (*Id*. ¶ 8), and that her daughter, who lives in the same residence, has a bank account containing $500. (*Id*. ¶ 5). Plaintiff further claims that she is responsible for the care of her two children, one of whom is not a minor. (*Id*. ¶ 10).

The federal poverty guidelines establish different thresholds for indigency based on family size. The threshold for a family of three living in the continental United States is $15,530; the threshold for a family of two is $14,710. (*See* Health & Human Services 2011 Poverty Guidelines, *available at* http://aspe.hhs.gov/poverty/11poverty.shtml). Accordingly, Plaintiff's annual income is under the poverty guideline, whether or not the elder child is considered a dependant. We thus find plaintiff's allegation of poverty

| STATEMENT |
|---|

to be true.

      According to the complaint, Plaintiff's application for Social Security Disability Benefits was denied. Following a hearing in front of an Administrative Law Judge of the Office of Disability Adjudication and Review, in which her claim was denied, Plaintiff requested review of the ALJ's decision. The request for review was also denied, leaving the ALJ's decision the final decision of the Commissioner. Plaintiff alleges that the determination does not comport with the purposes of the Social Security Act and, moreover, is contrary to the evidence in this matter. Accordingly, Plaintiff seeks civil review of the decision under Section 205(g) if the Social Security Act, as amended, 42 U.S.C. § 405(g). Based on our initial review of the complaint, we conclude that Plaintiff has stated a claim upon which relief may be granted.

      For the foregoing reasons, we grant Plaintiff's application to proceed *in forma pauperis*. It is so ordered.

*[signature: Marvin E. Aspen]*