UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GONUL KAZMI,<br><br>    Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,[1]<br>Acting Commissioner of Social Security,<br><br>    Defendant. | No. 11 C 6123<br><br>Magistrate Judge Mary M. Rowland |

# MEMORANDUM OPINION AND ORDER

Plaintiff Gonul Kazmi filed this action seeking review of the final decision of the Commissioner of Social Security (Commissioner) denying her application for application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. 42 U.S.C. §§ 416, 423(d), 1381a. The parties consented to the jurisdiction of the United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c). On October 22, 2012, pursuant to sentence four of 42 U.S.C. 405(b), the Court reversed the decision of the Administrative Law Judge (ALJ) and remanded the case to the Commissioner for further proceedings. Plaintiff now seeks to recover her attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). For the reasons set forth herein, the application for fees is granted in part.

---

[1] On February 14, 2013, Carolyn W. Colvin became Acting Commissioner of Social Security and is substituted for her predecessor, Michael J. Astrue, as the proper defendant in this action. Fed. R. Civ. P. 25(d)(1).

## I. BACKGROUND

Plaintiff applied for DIB on September 16, 2007, alleging that she became disabled on January 31, 2006, due to back disorders. The Commissioner denied Plaintiff's application initially, and on reconsideration. Following a hearing, the ALJ denied Plaintiff's request for benefits, finding that she was not suffering from a disability as defined by the SSA. After the Appeals Council denied Plaintiff's request for review, she sought judicial review before this court under 42 U.S.C. 405(g).

On October 22, 2012, the Court reversed the ALJ's decision and remanded the matter to the Commissioner for further proceedings. The Court determined that the ALJ's decision was not supported by substantial evidence. The ALJ failed to properly evaluate the opinion of the treating physician and did not assess Plaintiff's credibility with due regard for the full range of medical evidence. Furthermore, the ALJ did not construct a proper logical bridge connecting the evidence and Plaintiff's residual functional capacity.

Plaintiff now moves for attorney's fees and costs under EAJA. She seeks $12,811.23 for 69.9 hours of work on the case (68.2 hours of attorney time at $184.13 per hour and 1.7 hours of legal assistant time at $95 per hour) as well as $16.60 in costs. (Mot. ¶ 11 & Ex. C).

## II. STANDARD OF REVIEW

The EAJA provides that a district court may award attorney's fees where (1) the claimant was a "prevailing party," (2) the government's position was not "substantially justified," (3) no special circumstances make an award unjust, and (4) the

claimant filed a timely and complete application with the district court. 28 U.S.C. § 2412(d)(1)(A); *Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009). The Commissioner does not oppose an award of fees to Plaintiff or assert that the Commissioner's position was "substantially justified." Instead the Commissioner argues that Plaintiff's motion should be denied because the fees sought are unreasonable. (Resp. 1).

The EAJA allows for an award of "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A). The Supreme Court indicated in *INS v. Jean*, 496 U.S. 154, 161 (1990), that the district court's task of determining what fee is reasonable under the EAJA is essentially the same as that described in *Hensley v. Eckerhart*, 461 U.S. 424 (1983). Under *Hensley*, the plaintiff bears the burden of providing accurate documentation and demonstrating that the fee request is reasonable. 461 U.S. at 437. Nevertheless, "where a plaintiff has obtained excellent results, his attorney should recover a fully compensable fee." *Id.* at 535. A "district court may not arbitrarily reduce the number of hours requested; if it reduces hours it should provide a concise but clear explanation." *Smith v. Great Am. Restaurants, Inc.*, 969 F.2d 430, 439 (7th Cir. 1992) (citation omitted). The district court cannot merely "eyeball the request and if it seems excessive cut it down by an arbitrary percentage." *Heiar v. Crawford County*, 746 F.2d 1190, 1204 (7th Cir. 1984).

### III. DISCUSSION

The Commissioner does not assert that her position opposing Plaintiff's application for DIB was substantially justified. (Resp. 1). Instead, the Commissioner ob-

jects to the hourly rate sought as both incorrectly calculated and unjustified by the EJEA provision for cost of living adjustments. (*Id.* 3). The Commissioner also asserts that the number of hours expended was excessive for the complexity of the case and experience of the attorney. (*Id.* 4). Finally, the Commissioner opposes the direct payment of any fees to Plaintiff's attorney, arguing that direct payment would bypass the objective of matching litigants to any debts they may owe the federal government. (*Id.* 5–6). In support of her assertions, the Commissioner makes a number of arguments, which the Court will address *seriatim*.

**A. Hourly Rate and Cost-of-Living Adjustments Under EAJA**

The Commissioner argues, and Plaintiff concedes, that Plaintiff's initially requested hourly rate of $184.13 was incorrectly calculated, and if based on the change in the Consumer Price Index (CPI) from 1996 when the last EAJA hourly rate was set until 2012, when most of the representation for Plaintiff was conducted, would be $177.[2] (Resp. 3–4; Reply 1). Moreover, the Commissioner opposes this $177 hourly rate, arguing that (1) it is above the current statutory ceiling rate of $125, (2) a cost-of-living adjustment should not be automatic, and (3) attorneys representing Social Security claimants are on notice of the ceiling rate. (Resp. 3).

The EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a spe-

---

[2] After deducting .5 hours expended to correct her CPI calculation, Plaintiff requests an additional 2.1 hours for preparing her Reply, which the Court finds reasonable. Thus, Plaintiff's revised fee request is $12,693.10 (70.8 hours of attorney time at $177 per hour and 1.7 hours of legal assistant time at $95 per hour), along with $16.60 in costs. (Reply 1, 6).

cial factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). Plaintiff's counsel has demonstrated in detail the increased costs of conducting a legal practice since the $125 ceiling rate was set in 1996. (Mot. ¶¶ 16, 17, Ex. D). Plaintiff's evidence includes increases in business and overhead costs (*id.* ¶ 17), increases in the Social Security Administration's own fee agreement limit by 50% between 1996 and 2009 (*id.* ¶ 16), significant increases in costs in a comparable attorney's practice (*id.* Ex. D at ¶ 7), and a 2012 Order from the Central District of Illinois granting a similar EAJA cost-of-living adjustment (*id.* Ex. H).

The Commissioner contends that Plaintiff must demonstrate that without the requested cost-of-living adjustment, " 'a lawyer capable of competently handling the challenge that his client mounted to the denial of social security disability benefits could not be found in the relevant geographical area to handle such a case.' " (Resp. 3) (quoting *Mathews-Sheets v.* Astrue, 653 F.3d 560, 565 (7th Cir. 2011)). To meet this burden, Plaintiff's counsel has provided evidence that four attorneys with comparable legal practices have been awarded hourly rates for Social Security benefits representation within the range of or greater than the rate requested here. (Mot. Exs. D–G). Plaintiff also cites orders from the Northern District of Illinois granting EAJA fees comparable to the $177 per hour and $12,321.40 total requested here. (Mot. ¶ 12; Reply 2). Plaintiff's counsel also contends that given the contingency fee agreements common to Social Security benefits representation and a success rate of 54% on such cases, his effective hourly rate, without a cost-of-living increase, would

be $67.50 per hour—an unreasonably low fee that would not attract competent counsel in the region. (Mot. ¶ 15).

Courts in the Northern District have reached different conclusions on whether *Mathews-Sheets* "imposes a dual burden of showing both the effects of inflation and that no competent attorney could be found at the statutory rate." *Amey v. Astrue*, 09 C 2712, 2012 WL 4738985, at *3 (N.D. Ill. Oct. 2, 2012) (collecting cases). However, "the Court need not resolve whether *Mathews-Sheets* imposes the dual requirement" if the Court is satisfied that Plaintiff has provided sufficient evidence to satisfy both statutory rationales for a rate increase. *Claiborne ex rel. L.D. v. Astrue*, 877 F. Supp. 2d 622, 626–27 (N.D. Ill. 2012). In *Claiborne*, the court awarded $13,372.84, representing an hourly rate of $181.25, after deeming sufficient the evidence provided to justify both rationales. *Id.* at 627. This evidence included representations of overhead and expense increases to maintaining a legal practice, comparable attorneys' declarations of their fees for similar work, and the argument that the effective EAJA hourly rate for the risk inherent in contingent-fee representation cannot attract competent counsel in the region. *Id.* Plaintiff has provided nearly identical evidence to what was ruled sufficient justification in *Claiborne*.[3] (Mot. ¶¶ 12, 15–17).

The Court finds that Plaintiff's evidence is sufficient to justify the requested $177 rate under both the cost-of-living and special factor considerations.

---

[3] The Court notes that Plaintiff's counsel was the counsel for the *Claiborne* plaintiff.

### B. Excessive Hours for Complexity of Representation

The Commissioner next contends that Plaintiff's request is unreasonable because the hours billed exceeds the demands of the "rather straightforward set of issues" litigated here. (Resp. 4). "Generally, to successfully challenge the number of attorney hours requested under the EAJA, the government should do more than point to a mere disparity between the fees sought in the one case and the amount of fees awarded in other cases." *Seabron v. Astrue*, No. 11 C 1078, 2012 WL 1985681, at *2 (N.D. Ill. June 4, 2012) (citing *Tchemkou v. Mukasey,* 517 F.3d 506, 511 (7th Cir. 2008)). Without reference to an objective standard or rationale, a conclusion on the reasonability of attorney's fees would be "arbitrary." *Id.*

Here, the Commissioner neither provides an explanation of what makes the issues "rather straightforward" nor objects to any specific hours detailed in Plaintiff's billing record in support of her contention. (Resp. 4). Moreover, Plaintiff explains that because the Commissioner "vigorously" defended the ALJ's denial of benefits, Plaintiff expended significant time to prepare reports, evaluate medical information, review the record, and update research. (Reply 4).

In the absence of an objective standard or specific contention to hold otherwise, the Court rejects the Commissioner's contention that Plaintiff counsel's hours are unreasonable.

### C. Direct Payment of Fees to Plaintiff's Attorney

Finally, the Commissioner objects to the direct payment of fees to Plaintiff's counsel on the grounds that doing so would bypass the Department of Treasury's

centralized federal debt offset program. (Resp. 4–5). Plaintiff contends that the Commissioner has not alleged any outstanding federal debt, and that in the absence of verification that Plaintiff owes any debt to the federal government, fees should be paid directly to Plaintiff's counsel. (Reply 6). Plaintiff explains that paying her counsel directly honors her assignment of EAJA fees to counsel and prevents a potential collection problem. (*Id.*).

The Supreme Court held in *Astrue v. Ratliff*, 130 S.Ct. 2521, 2526–27 (2010), that EAJA fees can be administratively offset for federal debt repayment because they are awarded to the plaintiff, and not to the plaintiff's counsel. The Seventh Circuit has considered whether *Ratliff* applies in a situation such as the one here, where Plaintiff assigned EAJA fees to Plaintiff's counsel in the initial retainer and fee agreement (Mot. Ex. B), and determined that "the only ground for . . . insisting on making the award to the plaintiff is that the plaintiff has debts that may be prior to what she owes her lawyer." *Mathews-Sheets*, 653 F.3d at 566. The *Mathews-Sheets* court reasoned that when the plaintiff has no prior debt, ignoring the assignment of EAJA fees in the representation agreement "would just create a potential collection problem for the lawyer." *Id.*

Here, the Commissioner only speculates that Plaintiff might have a debt to the United States Government, but provides no proof that a debt exists. (Resp. 6). The Court is reluctant to create a collection burden, or at least a further delay in payment, for Plaintiff's counsel on mere speculation. Therefore, the Court grants Plaintiff's request that EAJA fees be paid directly to Plaintiff's counsel as set forth in

their fees agreement. *See Williams v. Astrue*, No. 11 C 2053, 2013 WL 250795, at *3 (N.D. Ill. Jan. 23, 2013) (ordering that EAJA fees be paid directly to counsel); *Bias v. Astrue*, No. 11 C 2247, 2013 WL 615804, at *3 (N.D. Ill. Feb. 15, 2013) (same).

## IV. CONCLUSION

For the reasons stated above, Plaintiff's Motion for Fees Under the Equal Access to Justice Act [29] is **GRANTED in part**. Fees of $12,693.10 and costs of $16.60 are awarded and are to be paid directly to Plaintiff's counsel.

E N T E R:

Dated: April 15, 2013

MARY M. ROWLAND
United States Magistrate Judge